IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BEVERLY K. BROXTERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-2439 JWL |
| v. ) | |
| ) | |
| FALLEY'S, INC., ) | |
| ) | |
| Defendant. ) | |

PROTECTIVE ORDER

The parties, having stipulated to the entry of a Protective Order for certain documents, and the Court having made an independent determination that good cause exists for a protective order for certain documents, HEREBY GRANTS THE PARTIES' JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER (Doc. 10) and ENTERS ITS ORDER:

1. *Facts Establishing Good Cause*. Plaintiff Beverly K. Broxterman ("Broxterman" or "Plaintiff") began her employment with Defendant Falley's, Inc. ("Falley's" or "Defendant") in 1989. Broxterman's lawsuit contains three counts: disparate treatment due to her gender, retaliation and constructive discharge. Falley's denies Plaintiff's allegations and believes that Broxterman was treated fairly and impartially by Falley's before and after she resigned voluntarily from her employment as Human Resources Director. Due to the nature of Plaintiff's allegations, it is anticipated that confidential medical and personnel information about Broxterman, and personnel information about non-party employees, may be produced by the parties during the course of litigation. The parties recognize that the public disclosure of such confidential information may cause injury to Falley's, and the release of personnel and/or medical information may affect the privacy of Broxterman and/or former Falley's employees not parties to this litigation. This Order protects both Falley's and prohibits the public release of confidential personnel and medical

information of Broxterman and personnel information of non-parties, while allowing the parties access to information each seeks to discover and minimizing any potential harmful effects on either the parties or non-parties. The Court finds that the parties properly seek to protect such confidential and proprietary information as well as to protect all parties and non-parties from any annoyance or embarrassment that unrestricted disclosure may potentially cause.

2. *Document Defined*. When used in this Stipulated Protective Order, "Document" means those documents related to Plaintiff Beverly K. Broxterman's medical records, and any and all personnel information regarding Falley's former employees, and duplicates thereof, that either party makes available pursuant to Fed. R. Civ. P. 26, or in response to Requests for Production or Interrogatories, or any other discovery response.

3. *Designation of Documents*. Any party to this Stipulated Protective Order may designate as "Confidential" any Document, or portion thereof, which it produces and which that party's counsel has determined in good faith is entitled to protection because it contains confidential information as defined in this Order. Each Document, or portion of a Document, designated as "Confidential" (hereinafter "Designated Document") shall be marked accordingly and shall be subject to restrictions as provided in this Stipulated Protective Order; provided, however, that any and all portions of all personnel and medical information relating to Falley's former employees shall automatically be deemed to contain confidential information and will be designated and treated as "Confidential" without any marking or other individual designation as such. Where only a portion of a Designated Document can fairly be designated "Confidential," only such portion shall be so designated.

4. *Method of Marking*. Subject to the provision in Paragraph 3 above concerning the exemption from marking of personnel and medical information relating to Falley's former

employees, Documents subject to this Stipulated Protective Order shall be designated as "Confidential" by clearly stamping or otherwise marking the word "Confidential" on all pages (unless such a mark would impair the legibility of the Document, in which case the stamp or mark should appear on the first available page where legibility would not be impaired). If only a portion of the Document is designated, the page(s) containing the designated portions shall be identified on the first page of the Document (unless such a mark would impair the legibility of the Document in which case the stamp or mark should appear on the first available page where legibility would not be impaired).

5. *Objections to Designation*. Whenever any party marks a document as "Confidential," the other party shall have twenty (20) days after receiving the documents marked "Confidential" to send a written objection to the other party. If the parties are unable to reach agreement after personal consultation, the objecting party may, after complying with the Local Rules of this Court, present a motion to the Court to strike or modify the treatment of the Document as "Confidential." The Document shall continue to have the benefit of the designated status until further order of the Court.

6. *Confidential Documents*. Except with the prior written consent of the designating party or the prior order of this Court, Documents designated as "Confidential" and the information contained therein shall be used in connection with this litigation only and shall not be disclosed to any person other than:

   a. The parties to this litigation, including their agents, employees, and representatives, and their counsel of record;
   b. Employees of the counsel of record who are assigned to assist such counsel in connection with this litigation;
   c. Third-party experts, consultants, or counsel retained specifically in connection with this litigation, provided that any such person is given a copy of this Stipulated Protective Order and agrees to be bound by its provisions; and

      d.      Any person who testifies at deposition or at trial in this proceeding, provided that such person is given notice of the terms of this Stipulated Protective Order and that all testimony taken concerning Designated Documents or information contained therein be marked "Confidential."

      7.      *Use of Designated Documents for Motions.* In the event a party wishes to use any information identified as Confidential any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to file such information and used therein under seal. In the event the court grants the party's motion, such information shall be maintained under seal by the court and shall be treated as Confidential.[1]

D. Kan. Rule 5.4.6 governing sealed documents currently requires conventional filing for all documents ordered to be placed under seal in civil cases until the Electronic Filing System "has adequate confidentiality procedures for sealed documents." Pursuant to Standing Order 07-03, as of July 19, 2007, the District of Kansas has adopted such adequate procedures for the electronic filing of sealed documents.

Standing Order 07-03[2] provides in part:

> [I]n civil cases, a party filing a motion for leave to file documents under seal shall file that motion electronically under seal in the filing system. The motion for leave to file under seal shall attached as sealed exhibits the document(s) the party wishes to be filed under seal. . . . Finally, the party shall provide the motion and document(s) it wishes to be filed under seal to all other parties in the case. If the motion for leave to file under seal is granted, the assigned judge will enter electronically an order authorizing the filing of the document(s) under seal. The assigned judge will also direct the clerk's office to grant to all attorneys who have entered an appearance in that case . . . the ability to view sealed documents in that case . . . . The filing party shall then file its document(s) electronically under seal.

---

[1] *See, e.g.*, *Holland v. GMAC Mort. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004)(setting forth standard for obtaining leave to file documents under seal); *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004)(same).

[2] This order is located on the District's website.

8. *Disclosure of Designated Documents*. No party receiving a Designated Document shall disclose it or its contents to any person other than those described in paragraph 6, and in no event shall such party make any use of such Document other than for the purpose of this litigation.

9. *Acknowledgment*. A person given access to Confidential material under the terms of Paragraphs 6(c) or (d) of this Order shall not be granted access thereto until such person has agreed to be bound by the terms of this Stipulated Protective Order and has signed an acknowledgment in the form attached hereto as "Exhibit A." Executed copies of "Exhibit A" shall be maintained by counsel for the party disclosing the Confidential material to the persons permitted in Paragraphs 6(c)-(d) of this Order. At any reasonable time, any party may request in writing that all copies of Exhibit A which have been signed by persons pursuant to this paragraph be provided to that party. Such copies shall be provided within ten (10) calendar days after receipt of the written request.

10. *Inadvertent Disclosure*. In the event of an inadvertent disclosure of a party's Confidential information, the party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it contains Confidential information subject to this Stipulated Protective Order; and (ii) promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the Confidential information by the person to whom disclosure was inadvertently made.

11. *Objections and Rights Reserved*. This Stipulated Protective Order shall not prejudice the rights of, or prevent, any party from:

      a. Objecting on any valid ground to the production of any Document;
      b. Objecting to the offer or introduction of any Document into evidence on any valid ground at the time such Document is offered;
      c. Redacting Confidential information from any Document;
      d. Seeking other protection from the Court concerning any Document.

12. *Use at Hearing or Trial*. The use at any hearing or at trial of any Document or information designated as "Confidential" as evidence shall be governed by the Federal Rules of Evidence.

13. *Modification*. Any party to this Stipulated Protective Order may apply to the Court, on reasonable notice to all parties, for relief or modification of any provision of this Order.

14. *Return of Documents*. Within thirty (30) days of the conclusion of this litigation by settlement, final judgment, or final order, including all appeals, all Designated Documents, and all copies (except exhibits filed of record) shall be returned by counsel to the party who had previously produced the Designated Documents, unless the parties agree to a method for the destruction of the Designated Documents.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Entry of Protective Order (Doc. 10) is granted.

**IT IS SO ORDERED**.

Dated this 4th day of January 2008.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BEVERLY K. BROXTERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07-2439 JWL |
| v. | ) | |
| | ) | |
| FALLEY'S, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ACKNOWLEDGMENT

The undersigned acknowledges that (s)he has read the Stipulated Protective Order entered in this action by the District Court of Kansas, Kansas City Division, on _____, 2008, that (s)he understands its terms, and that (s)he agrees to be bound by that Order.

Dated: _____