IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Beverly K. Broxterman,**

    **Plaintiff,**

v.    Case No. 07-2439-JWL

**Falley's Inc.,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Beverly K. Broxterman filed a three-count complaint against her former employer, Falley's Inc., alleging gender discrimination, retaliation and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Kansas Act Against Discrimination (KAAD), K.S.A. § 44-1001 et seq. This matter comes before the court on defendant's motion to dismiss plaintiff's retaliation claim for lack of subject matter jurisdiction on the grounds that plaintiff failed to exhaust her administrative remedies with respect to this claim and to dismiss plaintiff's constructive discharge claim for failure to state a claim upon which relief may be granted on the grounds that the court does not recognize an independent cause of action for constructive discharge. As will be explained, the motion is granted in part and denied in part.

*Retaliation*

Defendant moves to dismiss plaintiff's retaliation claims on the grounds that plaintiff's administrative charge is devoid of any allegations of retaliation and, accordingly, she has failed

to exhaust her administrative remedies. Plaintiff does not dispute that her formal administrative charge does not allege retaliation in any respect. She insists, however, that she has exhausted her administrative remedies because she presented detailed allegations of retaliation in connection with her verified "information sheet"–a document that was filed with the agency one day prior to the day plaintiff filed her charge.

Both parties direct the court to Tenth Circuit cases in support of their respective arguments concerning whether plaintiff should be deemed to have exhausted her remedies. Plaintiff points to *Jones v. United Parcel Service, Inc.*, 502 F.3d 1176 (10th Cir. 2007), in which the Circuit held that a plaintiff's intake questionnaire was sufficient for purposes of administrative exhaustion because the questionnaire satisfied the EEOC's minimum requirements for a charge, the circumstances of the case indicated that the plaintiff intended to activate the administrative process, and the EEOC ultimately treated the questionnaire as a charge. *Id*. at 1183. Defendant argues that *Jones* is factually distinguishable because the plaintiff in *Jones*, unlike plaintiff here, never filed a subsequent formal charge. Defendant, then, relies on an unpublished case, *Atkins v. Southwestern Bell Telephone Co.*, 2005 WL 1444289, at *3 (10th Cir. June 21, 2005), in which the Circuit held that the plaintiff had "abandoned" a retaliation claim asserted in a verified intake questionnaire because her formal administrative charge, filed 10 months later, did not include that claim. Pursuant to *Atkins*, defendant urges that plaintiff here has abandoned the claims asserted in her information sheet because she did not include those claims in her formal charge.

The court agrees that *Jones* is not precisely on point because plaintiff here filed a

subsequent formal charge of discrimination. Nonetheless, the Supreme Court recently picked up where the Circuit left off, rejecting the "abandonment" approach of *Atkins* and holding that a subsequently filed charge of discrimination "does not nullify an earlier, proper charge." *Federal Express Corp. v. Holowecki*, ___ S. Ct. ___, 2008 WL 508018, * 12 (Feb. 27, 2008). In *Holowecki*, the Court held that the plaintiff's verified intake questionnaire constituted a "charge" for purposes of exhaustion because it contained the EEOC's minimum requirements for a charge and reasonably could be construed to request agency action and appropriate relief on the plaintiff's behalf. *Id.* at *11-12. Pertinent to the case here, the plaintiff in *Holowecki* filed her intake questionnaire in December 2001 and filed a formal charge of discrimination in May 2002. The defendant in *Holowecki* urged that the subsequent charge "shows . . . that [plaintiff] did not intend the earlier December 2001 filing to be a charge; otherwise, there would have been no reason for the later filing." *Id.* at *12. The Supreme Court rejected this argument:

> What matters, however, is whether the documents filed in December 2001 should be interpreted as a request for the agency to act. Postfiling conduct does not nullify an earlier, proper charge.
>
> Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies. Construing ambiguities against the drafter may be the more efficient rule to encourage precise expression in other contexts; here, however, the rule would undermine the remedial scheme Congress adopted. It would encourage individuals to avoid filing errors by retaining counsel, increasing both the cost and likelihood of litigation.

*Id.* at *12-13.

*Holowecki*, then, instructs that if plaintiff's information sheet, standing alone, is sufficient to constitute a charge, then her subsequent formal charge will not work to negate the information

3

sheet. Defendant does not contend that plaintiff's information sheet is insufficient to constitute a charge for purposes of plaintiff's Title VII claims; it argues only that the claims therein were abandoned in light of the subsequent charge. Having rejected that argument, the court concludes that plaintiff, with respect to her Title VII claims, has exhausted her remedies with respect to the claims asserted in her information sheet and defendant's motion is denied to that extent. However, to the extent plaintiff purports to assert a retaliatory failure-to-rehire claim, that claim is dismissed for lack of subject matter jurisdiction as it is undisputed that the claim (because it arose after plaintiff submitted her information sheet and formal charge) was not set forth in either plaintiff's information sheet or her formal charge. *See Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (any claim involving a discrete employment action must have been the subject of a charge of discrimination at the administrative level); *accord Jones*, 502 F.3d at 1186 (any adverse employment actions occurring after the submission of the charge would not fall within the scope of the charge).

With respect to plaintiff's KAAD claims, defendant contends that plaintiff's information sheet does not constitute a "complaint" under state law. According to defendant, the information sheet is not verified under oath before a notary public as required by state law. The court rejects this argument. While an administrative regulation indicates that a "complaint" for purposes of the KAAD must be verified before a notary public, *see* K.A.R. § 21-41-2, the pertinent statute states only that a complaint must be verified. *See* K.S.A. § 44-1005(a). In any event, Kansas law provides that any matter required to be supported by sworn affidavit may be established with the same force and effect by an unsworn written declaration, dated and subscribed by the person

4

as true, under penalty of perjury, in substantially the form provided in K.S.A. § 53-601. Because plaintiff's information sheet is signed under penalty of perjury in the form authorized by state law, the court treats the information sheet has having the same force and effect as a sworn affidavit.

Finally, defendant maintains that plaintiff's information sheet does not constitute a "complaint" under state law because the form clearly reads "for information purposes only." But the body of the form belies the notion that the form is purely for informational purposes. Indeed, the individual completing the "complaint information sheet" is expressly advised to provide accurate information, as incorrect information "may result in your complaint not being processed." This statement, then, indicates that the agency intended to take action on the information provided by the complainant. In sum, in light of language in the body of the questionnaire suggesting that the information sheet had the force and effect of a complaint, inconsistent language indicating that the sheet is "for information purposes only" is not dispositive of the issue. Defendant's motion, then, is denied on this issue.

*Constructive Discharge*

Defendant moves to dismiss plaintiff's constructive discharge claim on the grounds that no independent cause of action for constructive discharge exists. As defendant notes, this court has previously held that a constructive discharge claim cannot constitute an independent cause of action, *see Schmidt v. Medicalodges, Inc.*, 492 F. Supp. 2d 1302, 1305 (D. Kan. 2007), and the court reiterates that holding here. Plaintiff's argument that a constructive discharge does

constitute an independent cause of action is based solely on a strained reading of Tenth Circuit cases and is unpersuasive to the court. In that regard, plaintiff urges that the Circuit's use of the phrase "constructive discharge claim" establishes that it constitutes an independent cause of action. The use of that phrase, however, is not inconsistent with the court's conclusion that a constructive discharge is not an independent cause of action. Indeed, the court itself has used that phrase to describe a plaintiff's claim for damages based on a constructive discharge theory. *See, e.g.*, *Hamilton v. Century Concrete, Inc.,* 2007 WL 2010938, at *7, 9 (D. Kan. July 9, 2007). Moreover, the Tenth Circuit has undisputedly recognized that there must be some underlying Title VII violation to support a constructive discharge claim for damages. *See, e.g., Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1095 n.12 (10th Cir. 2007) (where underlying Title VII claims failed before jury, any error in dismissing constructive discharge claim was harmless); *Jones v. Barnhart*, 349 F.3d 1260, 1270 (10th Cir. 2003) (in light of conclusion that employer did not otherwise violate Title VII, court could not conclude that plaintiff was subjected to constructive discharge).[1]

To the extent, then, that plaintiff is attempting to assert an independent cause of action for constructive discharge, defendant's motion to dismiss is granted. Defendant, however, expressly acknowledges that plaintiff may attempt to establish damages in the form of lost wages

---

[1] For the same reasons, the court rejects plaintiff's contention that the Kansas Supreme Court has "implicitly" recognized that constructive discharge constitutes an independent cause of action under the KAAD. A careful reading of the opinion relied upon by plaintiff, *Garvey Elevators, Inc. v. Kansas Human Rights Comm'n*, 265 Kan. 484, 498-99 (1998) reveals that a claim of racial harassment supported the claim for constructive discharge.

based on a constructive discharge theory. Plaintiff's claim for damages based on a constructive discharge theory, then, remains part of this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss Counts II and III of plaintiff's complaint (doc. 11) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 20th day of March, 2008, at Kansas City, Kansas.

> s/ John W. Lungstrum
> John W. Lungstrum
> United States District Judge