## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Beverly K. Broxterman,**

   **Plaintiff,**

v.              **Case No. 07-2439-JWL**

**Falley's Inc.,**

   **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff Beverly K. Broxterman filed a three-count complaint against her former employer, Falley's Inc., alleging gender discrimination, retaliation and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Kansas Act Against Discrimination (KAAD), K.S.A. § 44-1001 et seq.  Defendant previously filed a motion to dismiss plaintiff's retaliation claims for lack of subject matter jurisdiction on the grounds that plaintiff failed to exhaust her administrative remedies and to dismiss plaintiff's constructive discharge claim for failure to state a claim upon which relief may be granted.  With respect to plaintiff's retaliation claims, the court held that plaintiff had not exhausted her administrative remedies with respect to her retaliatory failure-to-rehire claim but that she had exhausted her administrative remedies with respect to her remaining retaliation claims.  With respect to plaintiff's constructive discharge claim, the court granted defendant's motion to the extent plaintiff intended to assert an independent cause of action for constructive discharge.

This matter is now before the court on defendant's motion for reconsideration (doc. 27) as to plaintiff's remaining retaliation claims.  As will be explained, the motion is denied.

By way of background, plaintiff filed with the Kansas Human Rights Commission a verified information sheet containing detailed allegations of retaliation. The following day, plaintiff filed a formal administrative charge devoid of any allegations of retaliation. In its motion to dismiss, defendant urged that plaintiff had abandoned her retaliation claims by failing to include those claims in her subsequently filed formal charge. In support of its argument, defendant relied on an unpublished Tenth Circuit case, *Atkins v. Southwestern Bell Telephone Co.*, 2005 WL 1444289, at *3 (10th Cir. June 21, 2005), in which the Circuit held that the plaintiff had "abandoned" a retaliation claim asserted in a verified intake questionnaire because her formal administrative charge, filed 10 months later, did not include that claim. The court rejected defendant's reliance on *Atkins* and looked to the Supreme Court's recent opinion in *Federal Express Corp. v. Holowecki*, 128 S. Ct. 1147 (2008), wherein the Court held that a subsequently filed charge of discrimination "does not nullify an earlier, proper charge." The plaintiff in *Holowecki* filed her intake questionnaire in December 2001 and filed a formal charge of discrimination in May 2002. The defendant in *Holowecki* urged that the subsequent charge "shows . . . that [plaintiff] did not intend the earlier December 2001 filing to be a charge; otherwise, there would have been no reason for the later filing." *Id*. at 1160. The Supreme Court rejected this argument:

> What matters, however, is whether the documents filed in December 2001 should be interpreted as a request for the agency to act. Postfiling conduct does not nullify an earlier, proper charge.
>
> Documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies. Construing ambiguities against the

2

drafter may be the more efficient rule to encourage precise expression in other contexts; here, however, the rule would undermine the remedial scheme Congress adopted.  It would encourage individuals to avoid filing errors by retaining counsel, increasing both the cost and likelihood of litigation.

*Id*.

In its prior memorandum and order, then, this court construed *Holowecki* to instruct that an information sheet sufficient to constitute a charge is not negated by a subsequent formal charge.  Defendant urges that the court read too much into *Holowecki*, a case that does not discuss abandonment and a case in which the facts differ from those here in that the allegations contained in the information sheet presented in *Holowecki* were largely the same as the allegations presented in the subsequent formal charge.  Nonetheless, the court believes that *Holowecki* provides proper guidance in this case concerning the need to construe documents filed with the EEOC to protect the employee's rights and statutory remedies.  At the time the court filed its memorandum and order, there was no evidence in the record indicating an intent on the part of plaintiff to abandon her claims other than the mere fact that those claims were not included in her subsequent formal charge.  In the absence of evidence indicating an intent to abandon her claim or knowledge that her formal charge replaced rather than supplemented her information sheet,[1] the court was unwilling to construe those filings against plaintiff.  In other words, the record at that point was simply insufficient for the court to conclusively determine

---

[1]Indeed, in the absence of evidence indicating otherwise, it is reasonable to infer from the one-day gap between her information sheet and her formal charge that plaintiff believed the two documents supplemented one another.

that plaintiff had, in fact, intended to abandon her retaliation claims.[2]

Defendant now contends, based on evidence discovered since the filing of the court's memorandum and order, that the record conclusively establishes that plaintiff intended to abandon her retaliation claims.  Defendant relies on a document it describes as a case progress note from plaintiff's Kansas Human Rights Commission's file indicating that the KHRC investigator discussed with plaintiff the merits of her retaliation claims and advised plaintiff that such claims could not be included in her formal charge.  This evidence, however, does not mandate the dismissal of plaintiff's claims.  Significantly, defendant has failed to authenticate the document in any respect and, accordingly, the document is not properly before the court.  In any event, as suggested by plaintiff, the purported case progress note does not conclusively establish abandonment and simply presents a factual question on that issue as well as the issue of whether the agency negligently handled plaintiff's claims.  While defendant, in response, highlights that "there is no evidence that plaintiff argued for or insisted on inclusion of the retaliation claim in the formal charge," the absence of such evidence at this juncture simply reinforces the need for factual discovery.  The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 27) is denied.

---

[2]The district court's decision in *Atkins*, by contrast, was rendered at the summary judgment stage (although the Circuit remanded the case for dismissal based on lack of jurisdiction) after a full factual record had been developed.

4

**IT IS SO ORDERED.**

Dated this 12th  day of May, 2008, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge